UNITED STATES FEDERAL COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERIC & CO TRADING GROUP LLC

                Plaintiff,

-against-

FLOYD JOY MAYWEATHER JR.

                Defendant.
------------------------------------------------------------X

Case No: 1:21-cv-8580

**COMPLAINT**

**JURY DEMAND**

Plaintiff hereby alleges through his attorney upon personal knowledge and information and belief as follows:

## STATEMENT

1. This is an action for damages owing to Eric & CO TRADING GROUP LLC, a New York Corporation, due to Defendants' failure to pay $389,550.00 for specifically acquired jewelry that Defendant came into personal possession, on June 5th 2021 at approximately 8:00pm, where Defendant personally took the Jewelry from Plaintiff.

2. Defendant has used his international fame and good credit to take advantage of Plaintiff. Defendant has taken possession of Jewelry items on June 5th 2021, that he knows should be paid for or in the alternative returned. Defendant has now made it clear to Plaintiff that he has no intention of paying for the enormous outstanding bill of $389,550.00, leaving Plaintiff no choice to file an action.

## JURISDICTION AND VENUE

3. This is a civil action over which this Court has original Jurisdiction under 28 U.S.C § 1332 (a), and the matter in controversy exceeds $75,000.00, exclusive of costs,

disbursements, interest and legal fees. This Court has original Jurisdiction 28 U.S.C § 1332 (a)(1) the parties to this suit are citizens of different states. This court has jurisdiction based on the diversity among the parties, §28 U.S.C § 1332 (a)(1), Plaintiff does not share a state of citizenship with the defendant. Venue is based upon the citizenship of Plaintiff Based upon 28 U.S.C § 1391(b)(2) A judicial district in which a substantial part or the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated. Here, the defendant knew that he is doing business with a New York Corporation, Defendant knew that all the Jewelry being sold to Defendant in Miami were transported to New York for the sole purpose of the sale. Plaintiffs New York location has been visited by Defendant on numerous occasions.

## PARTIES

4. The Plaintiff, Eric & Co TRADING GROUP LLC, is a Corporation organized under the laws of the State of New York with his flag ship office headquarters located at 37 West 47th Street, New York, NY, 10036, Office #208.

5. Plaintiff is a seller of high-end jewelry Corporation, organized and formed pursuant to the laws of the State of New York, with its principal office in the City of New York, County of New York State.

6. Floyd Joy Mayweather Jr. the (Defendant), is a resident of the state of Florida residing at 288 S Coconut Lane, Miami Beach FL, 33139.

7. Defendant is an internationally known professional fighter, who has used his fame and good standing with Plaintiff to take merchandise worth $389,550.00 on credit, with the promise that Defendant would pay Plaintiff. Defendant has not done so.

## FIRST CAUSE OF ACTION BREACH OF CONTRACT

8. On or about June 5th 2021, Defendant Floyd Joy Mayweather Jr., visited one of Plaintiff's pop-up Jewelry shops in Miami Florida 4441 Collins Avenue Miami Beach Florida 33140, were Defendant came into personal possession of Jewelry worth $389,550.00.

9. Defendant took such Jewelry and told Plaintiff that he would pay him later.

10. Due to the prior relationship between Plaintiff and Defendant, and prior dealings of similar nature, were Defendant would pay Plaintiff for Jewelry Defendant acquired a few months later, Plaintiff advanced jewelry to Defendant.

11. Eric & Co TRADING GROUP LLC, is a New York Corporation, and the Defendant is fully aware of that.

12. Defendant, is aware that Plaintiff mainly operates out of the State of New York.

13. Defendant, is aware that Plaintiff Jewelry is located in New York.

14. Defendant was aware that Plaintiff was traveling to Florida with Jewelry, to sell to Defendant.

15. Defendant was aware that Plaintiff was going to sell Jewelry in Fountain Blue Miami Beach, out of a POP-UP SHOP.

16. A POP-UP jewelry shop, is when Jewelers from different states travel with their jewelry, to sell it to a larger clientele.

17. Defendant had knowledge that Plaintiff was traveling from New York because Defendant had spoken with Plaintiff on Text message in regards to the POP-UP Jewelry shop.

18. Plaintiff and Defendant have had business relationship for a few years, where Defendant would take Jewelry from Plaintiff on an advance and would pay for such items in a few months.

19. Defendant has now made it clear to Plaintiff that he has no intention of paying for such merchandise he came into personal possession of while visiting the POP-UP Jewelry shop.

20. Immediately after, on the day of June 6th 2021 at approximately 12:29 am, a day after the Jewelry was consigned to Defendant personally, Plaintiff sent Defendant a text message with the balance owed to him by Defendant. Defendant then responded to Plaintiff on text message writing "Thanks Family".

21. The response by defendant to the above referenced text message, is an indication that Defendant was aware that he owed Plaintiff money, and did not dispute the amount.

22. In addition to the above referenced text message communication between the parties, there are numerous text message communications between Plaintiff and Defendant, where it is acknowledged by defendant that Jewelry was taken from Plaintiff and payment will be transferred to Plaintiff.

23. Aforementioned assigned Jewelry consist of the following items:

24. 14K YELLOW GOLD TENNIES BRACELT: $11,500.00

25. 18K YELLOW GOLD CARTIER DIAMOND NAIL BRACELET SIZE 20: $7,500.00

26. 18K ROSE GOLD CARTIER DIAMOND NAIL BANGLE SIZE 17: $7,500.00

27. 18K WHITE GOLD CARITER DIAMOND NAIL BANGLE: $7,500.00

28. 18K YELLOW GOLD CARTIER DIAMOND LOVE BANGLE SIZE 22: $7,500.00

29. 18K ROSE GOLD CARTIER DIAMON LOVE BANGLE SIZE 19: $7,500.00

30. 18K WHITE GOLD CARITER DIAMOND LOVE BANGLE SIZE 18: $7,500.00

31. PLATINUM HEART SHAPED DIAMOND ETERNITY BAND 7.01 CTS: $22,500.00

32. PLATNIUM RADIUNT CUT DIAMOND ETERNITY RIN 11.76 CTS $42,000.00

33. 10K ROSE GOLD DIAMON CUBAN LINK 12MM, 26.00 CTS 185.7 GRAMS OF GOLD: $30,000.00

34. 14K WHITE GOLD TENNIES BRACELET 12.00 CTS: $12,500.00

35. 14K WHITE GOLD TENNIES BRACELET 7.63 CTS: $9,500.00

36. 18K WHITE GOLD CARTIER DIAMON NAIL BANGLE SIZE 15: $7,500.00

37. 18K ROSE GOLD CARTIER DIAMOND NAIL BANGLE SIZE 17: $7,500.00

38. 18K YELLOW GOLD CARTIER DIAMOND LOVE BANGLE SIZE 19: $7,500.00

39. 14K YELLOW GOLD EMERALD CUT DIAMOND ANKLE BRACELET 10MM, 6.97 CTS: $12,000.00

40. 14K ROSE GOLD EMERALD CUT DIAMOND ANKLE BRACELET 7.49 CT: $12,000.00

41. 14K WHITE GOLD EMERALD CUT DIAMOND ANKLE BRACELET 7.12 CTS: $12,000.00

42. 18K ROSE GOLD DIAMOND LOVE BANGLE SIZE 15: $7,500.00

43. 18 ROSE GOLD DIAMOND LOVE BANGLE SIZE 16: $ 7,500.00

44. 14K YELLOW GOLD BIG CUBAN DIAMON BRACELET 270 GRAMS OF GOLD, 27.10 CTS: $34,000.00

45. 14K MINI DIAMOND "TMT" CHAINS 0.54 CTS: $650.00

46. 14K MIDSIZE DIAMOND "TMT" CHAINS 0.54 CTS: 1,500.00

47. 18K YELLOW GOLD BUTTERFLY CUBAN ICED OUT CHOCKER 7.14 CTS: $12,000.00

48. WHITE GOLD DIAMOND BAGUETTER CHAIN 13.50 CTS: $15,000.00

49. 3 LARGE WHITE GOLD TMT PIECES GIVEN TO FLOYD: $35,000.00

50. 14K YELLOW GOLD DIAMOND/EMERALD CUT BUTTERFLY NECKLACE WITH DIAMOND TENNIS NECKLACE: $ 20,000.00

### SECOND CAUSE OF ACTION QUANTUM MERUIT

51. Defendant Mayweather took possession jewelry belonging to Plaintiff valued at $389,550.

52. Defendant Mayweather failed to make any payment to plaintiff since June 5th 2021.

53. Plaintiff has been minimuly damaged in the amount of $389,550.00.

### THIRD CASUE OF ACTION UNJUST ENRICHMENT

54. Plaintiff provided jewelry to Defendant Mayweather valued at $389,550.00.

55. Defendant Mayweather has had the benefit of the use of Plaintiff's Jewelry.

56. Defendant has failed to pay Plaintiff the value of the Jewelry.

57. Defendant Mayweather has been unjustly enriched by taking possession of the Jewelry without compensating Plaintiff with $389,550.00.

WHEREFORE, Plaintiff demands judgment against defendant on the first cause of action, on the second cause of action, on the third cause of action, in the amount of, THREE HUNDRED EIGHTY-NINE THOUSAND FIVE HUNDRED AND FIFTY ($389,550.00) DOLLARS, costs, attorney's fees, the cost of opportunity loss, and such other and further relief as this court finds just and proper.

Dated: October 19th ,2021

Albert Y. Dayan