USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/25/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC & CO TRADING GROUP LLC,

                Plaintiff,

-against-

FLOYD JOY MAYWEATHER JR.,

                Defendant.

1:21-cv-08580-MKV

OPINION AND ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT AND DISMISSING AMENDED COMPLAINT

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Eric & Co Trading Group LLC brings this action against Defendant Floyd Joy Mayweather Jr., asserting claims for breach of contract, quantum meruit, and unjust enrichment. (Amended Complaint ("Am. Compl.") [ECF No. 10] ¶¶ 13–62). Plaintiff filed an affidavit of service of the summons and Amended Complaint, which stated that Defendant had been served on November 6, 2021. [ECF No. 11]. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, a defendant must answer or otherwise respond to a complaint within 21 days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1). Defendant failed to timely appear or respond to Plaintiff's Amended Complaint. Plaintiff now moves the Court, by a proposed order of default judgment, for entry of a default judgment against Defendant. [ECF No. 27]. In support of its motion, Plaintiff submitted the Declaration of Albert Y. Dayan, attorney to Plaintiff. (Dayan Decl. [ECF No. 21]).

**BACKGROUND**

Plaintiff is a seller of high-end jewelry based in New York.  (Am. Compl. ¶ 10).[1] Defendant is an internationally known professional boxer who resides in Florida.  (Am. Compl. ¶¶ 11–12).

In June 2021, Defendant visited one of Plaintiff's pop-up jewelry stores in Miami[2] and purchased on credit jewelry worth $389,550.  (Am. Compl. ¶¶ 13–15).  The next day, Plaintiff sent Defendant a text message with the balance owed, to which Defendant responded "Thanks Family."  (Am. Compl. ¶ 25).  Plaintiff alleges that there are other text message communications between the parties in which Defendant acknowledged that he purchased jewelry from Plaintiff on credit.  (Am. Compl. ¶ 27).  Plaintiff alleges that Defendant never paid for this jewelry and "has now made it clear to Plaintiff that he has no intention of paying for such merchandise."  (Am. Compl. ¶ 24).

Plaintiff alleges that he has had prior dealings with Defendant, in which he sold Defendant jewelry on credit, after which Defendant timely paid Plaintiff.  (Am. Compl. ¶¶ 15, 23).  Plaintiff alleges that Defendant is fully aware that Plaintiff is a New York Corporation, that it mainly operates out of the State of New York, and that Defendant knew Plaintiff was travelling to Florida with jewelry to sell to Defendant.  (Am. Compl. ¶¶ 16–19, 22).  In his Declaration in support of Plaintiff's Motion for Entry of Default Judgment, Plaintiff contends that Defendant "had once" visited Plaintiff's New York store.  (Dayan Decl. at 2).

---

[1] Where a defendant defaults, a court must accept the plaintiff's well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor.  *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  The Court consequently accepts the factual allegations in Plaintiff's complaint as true for the purpose of reviewing its motion for default judgment.

[2] According to the Amended Complaint, a pop-up jewelry shop is "when Jewelers from different states travel with their jewelry, to sell it to a larger clientele."  (Am. Compl. ¶ 21).

**LEGAL STANDARDS**

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, there is "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). However, the Second Circuit has an "oft-stated preference for resolving disputes on the merits," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), and therefore "[a] plaintiff is not entitled to default judgment as a matter of right, merely because a party has failed to appear or respond." *LG Funding, LLC v. Florida Tilt, Inc.*, No. 15-CV-631, 2015 WL 4390453, at *2 (E.D.N.Y. July 15, 2015).

It is well-established that a default judgment entered by a court that lacks personal jurisdiction over the parties is void. *Mickalis Pawn Shop*, 645 F.3d at 138; *see also "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123 (2d Cir. 2008) (explaining that a lack of personal jurisdiction presents grounds for vacatur of a default judgment for voidness under Rule 60(b)(4)). Accordingly, the Second Circuit has held that "before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010). The burden of proving that the elements of personal jurisdiction are present rests with the plaintiff. *See Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42, 53 (2d Cir. 2021).

**DISCUSSION**

In determining whether there is personal jurisdiction over a defendant, the Court employs a two-step inquiry. First, the Court must determine whether there is a "statutory basis for exercising personal jurisdiction." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 129 (2d Cir. 2013) (citation omitted). Second, the court must consider whether exercise of personal

jurisdiction over the defendant is consistent with due process under the Constitution. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013).

The constitutional due process inquiry has two steps. The Court initially must determine whether the defendant has sufficient minimum contacts with the forum (the "minimum contacts" inquiry); and, if so, whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice" (the "reasonableness" inquiry). *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

In assessing a defendant's minimum contacts, a court evaluates the "quality and nature" of the defendant's contacts with the forum state. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). The Court considers these contacts in totality, with the crucial question being whether the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws" "such that [the defendant] should reasonably anticipate being haled into court there." *Id.* (quoting *Burger King*, 471 U.S. at 474–75). The inquiry "focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). The defendant's conduct in the lawsuit must create a "substantial connection" with the forum. *Walden*, 571 U.S. at 284. In evaluating this connection, the Court considers the contacts that the "defendant *himself* creates with the forum," and not the plaintiff's connections to the forum. *Id.* (emphasis in original) (quoting *Burger King*, 471 U.S. at 475). Because the minimum contacts inquiry focuses on the defendant's contacts with the forum, and not just the defendant's contacts with persons who reside there, "the plaintiff

4

cannot be the only link between the defendant and the forum." *Id.* at 285.  These due process limits on personal jurisdiction "principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties." *Id.* at 284.  They require, overall, "that a defendant be haled into a court in a forum . . . based on his own affiliation with the [forum], not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the [forum]." *Id.* at 286 (quoting *Burger King*, 471 U.S. at 475).

On the present record, Plaintiff has not pleaded sufficient factual allegations for the Court to find that Defendant is subject to personal jurisdiction in New York.  Defendant is a resident of Florida (Am. Compl. ¶¶ 11–12) and the sole transaction at issue in this case occurred in Florida (Am. Compl. ¶¶ 13–15).  Plaintiff contends that Defendant has availed himself of jurisdiction in New York because he knew that he was doing business with a New York business.  (Dayan Decl. at 1–2).  However, the Supreme Court has specifically stated that the "minimum contacts" portion of the constitutional due process analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285.  Accordingly, Plaintiff has not adequately alleged that Defendant is subject to personal jurisdiction in New York and, as such, the Court declines to enter a default judgment.

## CONCLUSION

As described above, Plaintiff has not established that Defendant is subject to personal jurisdiction in New York.  Accordingly, Plaintiff's Motion for entry of default judgment is DENIED.  Since Plaintiff does not adequately plead that Defendant is subject to personal

jurisdiction in New York, this action is DISMISSED without prejudice for lack of personal jurisdiction.

The Clerk of Court is respectfully requested to terminate docket entry 28 and to close this case.

**SO ORDERED.**

Date:  August 25, 2022
       New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**